UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TOWN & COUNTRY BANK.<br><br>          Plaintiff(s),<br><br>vs.<br><br>BRIAN GODDARD and DANIEL K. LAK,<br><br>          Defendant(s).<br>_____<br>BRIAN GODDARD,<br><br>          Counterclaimant,<br><br>vs.<br><br>TOWN & COUNTRY BANK, *et al,*<br><br>          Counterdefendant.<br>_____ | Case No: 2:09-cv-0686-RLH-LRL<br><br>**O R D E R**<br>(Motion to Strike–#85) |

        Before the Court is Plaintiff's **Motion to Strike Defendant Brian Goddard's Disclosure/Designation of Expert Witnesses** (#85, filed February 24, 2011). Defendant/ Counterclaimant Goddard filed his Opposition (#90), to which Town and Country filed its Reply (#93). The Motion will be granted for the reasons stated below.

        On the last day of discovery, Defendant/Counterclaimant disclosed "Rebuttal Witnesses" Kent Vollmer, a real estate appraiser, and Dr. Charles Jackson, MD. However, he failed to comply with the provisions of Fed. R. Civ. P. 26, in that he did not disclose any written report or a summary of the facts and opinions to which either witness was expected to testify. This failure

causes great prejudice to Plaintiff, who had no opportunity to take the depositions of the proposed rebuttal experts, and has no means by which to prepare for their testimony, or to prepare witnesses for their testimony.

**I. Dr. Charles Jackson, MD**

With respect to Dr. Charles Jackson, MD, Goddard states that he will testify regarding Goddard's "mental, physical, emotional condition." However, he gives no hint as to what that testimony will be, or the basis for the testimony. More important is the fact that Mr. Goddard has not put his "mental, physical, emotional condition" at issue in this case. He has not pled a cause of action for intentional infliction of emotional distress, nor prayed for emotional distress damages. Accordingly, Dr. Jackson's testimony regarding Goddard's "mental, physical, emotional condition" is irrelevant. Furthermore, Goddard failed to disclose Dr. Jackson as an initial expert, pursuant to the Rules, and there is no medical expert identified by Town & Country Bank which Dr. Jackson could rebut.

Dr. Jackson's designation as any kind of witness is frivolous and he is stricken as a witness, expert or otherwise.

**II. Kent Vollmer**

This case arises out of a deficiency action by Plaintiff to recover the alleged deficiency between the amount owed on the Note and the amount the property sold for at the trustee's sale on or about February 3, 2009. As a result of summary judgment and dismissals, the only remaining issue relating to Town & Country Bank's claim is the calculation of damages and a deficiency judgment.

Mr. Goddard was permitted to amend his answer by asserting counterclaims for Intentional Misrepresentation of Loan Extension and Intentional Misrepresentation of Appraisal.

On the last day of discovery, January 31, 2011, Goddard identified Kent Vollmer, an appraiser, as a rebuttal witness who would testify regarding Town & Country Bank's expert witness, Dugan's "appraisal regarding the inaccuracy and fraudulent disclosures." While an appraisal by

Vollmer was provided, it was an appraisal done a year before. There was, however, no written report or summary of the facts and opinions to which Vollmer would testify regarding *inaccuracies or fraudulent disclosures* of Plaintiff's expert witness.

The apparent purpose of the witness Vollmer was to establish Goddard's theory or opinion of the appraised value of the property at the time of the trustee's sale. Contradicting Dugan is merely a side effect of that testimony. Accordingly, Vollmer was required to be disclosed as an initial expert witness, which Goddard failed to do. Defendant/Counterclaimant Goddard has failed to properly disclose Vollmer either as an initial expert or as a rebuttal expert. He is stricken as a witness.

While the Court rejects Vollmer as an expert witness, that does not necessarily preclude the use of his appraisal in cross-examining Dugan. While the appraisal itself would not be admissible by Goddard without the foundational testimony of Vollmer, under certain circumstances, reference to it may be used in cross-examining Dugan because Vollmer apparently prepared the appraisal for Town and Country Bank. Whether that is possible remains an issue that can and will only be determined at trial.

IT IS THEREFORE ORDERED that Plaintiff's **Motion to Strike Defendant Brian Goddard's Disclosure/Designation of Expert Witnesses** (#85) is GRANTED, and Kent Vollmer and Dr. Charles Jackson, MD, are stricken as witnesses.

Dated: March 29, 2011.

_____
**Roger L. Hunt
Chief United States District Judge**