Justin C. Jones, Esq.
Nevada Bar No. 8519
Nicole E. Lovelock, Esq.
Nevada Bar No. 11187
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Drive
Las Vegas, Nevada 89134
(702) 669-4600
(702) 669-4650 – fax
jcjones@hollandhart.com
nelovelock@hollandhart.com

*Attorneys for Town & Country Bank*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TOWN & COUNTRY BANK,<br><br>Plaintiff,<br>v.<br><br>BRIAN GODDARD and DANIEL K. LAK,<br><br>Defendants. | CASE NO.: 2:09-CV-00686-RLH-LRL<br><br>**MOTION FOR VOLUNTARY DISMISSAL OF THE SLANDER OF TITLE CAUSE OF ACTION PURSUANT TO RULE 41(a)(2)** |

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Plaintiff Town & Country Bank (the "Bank"), by and through its attorneys of record, Holland & Hart LLP, hereby moves for the voluntary dismissal of the Bank's slander of title claim thereby dismissing Defendant Daniel K. Lak ("Lak") with Lak to pay his own costs and attorneys' fees.[1]

DATED July 22, 2011.

_____
Justin C. Jones, Esq.
Nicole E. Lovelock, Esq.
Holland & Hart LLP
9555 Hillwood Drive, 2nd Drive
Las Vegas, Nevada 89134

*Attorneys for Town & Country Bank*

---

[1] The Bank and Lak have made attempts to stipulate to dismiss Lak pursuant to FRCP 42(a)(1), but obtaining signatures of all parties have been problematic. Lak will not be filing an opposition to the instant motion.

# MEMORANDUM IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL OF THE SLANDER OF TITLE CAUSE OF ACTION PURSUANT TO RULE 41(a)(2)

Under Rule 41(a)(2), this Court has discretion to allow a voluntary dismissal without prejudice and upon such terms and conditions as it deems proper. The Court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless the opposing party can show that it will suffer some plain legal prejudice as a result. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). The Ninth Circuit has held that "legal prejudice means prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 976 (citation and internal quotation marks omitted). The court has explained that "uncertainty because a dispute remains unresolved or because [of] the threat of future litigation" does not result in plain legal prejudice. *Id.* (citation and internal quotation marks omitted); *see also Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982) (possibility of later suit does not rise to the level of legal prejudice that would allow the court to deny a dismissal without prejudice). "Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." *Lenches*, 263 F.3d at 976.

Here, the parties will not be prejudiced by dismissal of the cause of action for slander of title. On or about March 10, 2009, the Bank filed its Complaint against Brian Goddard ("Goddard") and Lak in the Eighth Judicial District of Clark County, Nevada asserting two causes of action, breach of contract and slander to title. Then, on April 16, 2009, Defendants filed a Petition for Removal. *See* Docket No. 2. On December 8, 2009, the Bank filed a Motion for Summary Judgment seeking disposition of its claim of breach of contract against Goddard. *See* Docket No. 19. Among other pleadings, Goddard filed his Opposition to the Bank's Motion for Summary Judgment and a Countermotion for Dismissal of the Slander to Title claim. *See* Docket No. 22. On March 19, 2010, the Court granted the Bank's Motion on the breach of contract claim and denied Defendant Goddard's request to dismiss the slander to title claim. *See* Docket No. 37. On September 2, 2010, Goddard filed an Amended Answer and Counterclaim asserting two causes of actions against the Bank, which were recently dismissed. *See* Docket

No. 182.

To avoid a potential waste of judicial resources and the resources of the parties, the Bank no longer wishes to pursue a claim of slander of title against Goddard or Lak. Rather, the Bank seeks only to resolve the outstanding issue relating to the Bank's breach of contract claim against Mr. Goddard, which is the calculation of damages and deficiency judgment hearing pursuant to NRS 40.457.

For the reasons explained above, the Bank respectfully requests that the Court grant its request for voluntary dismissal of the cause of action of slander of title.

DATED July 22, 2011.

Justin C. Jones, Esq.
Nicole E. Lovelock, Esq.
Holland & Hart LLP
9555 Hillwood Drive, 2nd Drive
Las Vegas, Nevada 89134

*Attorneys for Town & Country Bank*

**IT IS SO ORDERED.**

**UNITED STATES DISTRICT JUDGE**

**DATED this 25th day of July, 2011**

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that on July 22, 2011, I served a true and correct copy of the foregoing **MOTION FOR VOLUNTARY DISMISSAL OF THE SLANDER OF TITLE CAUSE OF ACTION PURSUANT TO RULE 41(a)(2),** as follows:

*Regular U.S. Mail*

Daniel K. Lak
18101 Von Karman Avenue, Suite 300
Irvine, California 92612
949-225-4477
949-225-4478 – fax
dl@laklaw.net

*Defendant in Pro Per*

*Electronic Service:*

Brian Goddard
20121 Mayport Lane
Huntington Beach, California 92646
714-968-3453 – office
714-968-3153 – fax
714-325-1824 – cell
briang79@hotmail.com

*Defendant in Pro Per*

_____
An Employee of Holland & Hart LLP

5170426_1 DOC