# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TOWN & COUNTRY BANK, ) | Case No.: 2:09-cv-00686-RLH-LRL |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | (Motion to Quash–#200) |
| ) | |
| BRIAN GODDARD and DANIEL K. LAK, ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| BRIAN GODDARD, ) | |
| Counterclaimant, ) | |
| vs. ) | |
| TOWN & COUNTRY BANK, DOE ) INDIVIDUALS, I-X, inclusive, and ROE ) COMPANIES, I-X, inclusive, ) | |
| Counterdefendants. ) | |
| _____ ) | |

Before the Court is Plaintiff Town & Country Bank's **Motion to Quash Subpoenas** (filed Aug. 16, 2011). Also before the Court is Defendant Brian Goddard's Opposition (filed Aug. 18, 2011).

The Bank requests that the Court quash or modify five subpoenas that Goddard recently issued. The Bank requests that the Court quash the subpoena against Kevin Burns under

1

Federal Rule of Civil Procedure 45(c)(3) on the grounds that he lives outside of a 100 mile radius from the courthouse and outside of the state.  The Bank also requests that the Court either quash or modify subpoenas issued against William T. Rogers, Sandra Hayer, Richard Scott Dugan, and Phillip Burns because the subpoenas request the production of documents despite that fact that discovery ended in this case long ago.  The Court agrees on both points.  Kevin Burns now works for a different bank and lives in Nebraska, far outside of the 100 mile radius in Rule 45(c).  Thus quashing the subpoena against him is appropriate.  Further, the Court agrees that Goddard cannot use trial subpoenas to obtain late discovery from these other witnesses.   9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2452 (3rd ed. 2008) ("parties should not be allowed to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced before discovery.") Thus, the Court modifies the subpoenas by eliminating the portions of the subpoenas requiring William T. Rogers, Sandra Hayer, Richard Scott Dugan, and Phillip Burns to produce documents at the hearing scheduled for September 6, 2011.  They are still required to appear as witnesses.

## Conclusion

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that the Bank's Motion to Quash Subpoenas (#200) is GRANTED as follows:

- • The subpoena against Kevin Burns is quashed.
- • The subpoenas against the other four witnesses are modified to eliminate the requirement that they produce any documents.

Dated: August 22, 2011.

_____
**ROGER L. HUNT
United States District Judge**

2

AO 72
(Rev. 8/82)