1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **DISTRICT OF NEVADA**

10 | TOWN & COUNTRY BANK, | CASE NO.: 2:09-CV-00686-RLH-LRL |
|---|---|
| 11  Plaintiff, | |
| v. | **FINDINGS OF FACT** |
| 12 | **AND CONCLUSIONS OF LAW** |
| BRIAN GODDARD, | **CONCERNING DEFICIENCY** |
| 13 | **JUDGMENT HEARING** |
| Defendant. | |

14

15

16      On September 6, 2011, this Court conducted a deficiency judgment hearing pursuant to

17 Nevada Revised Statute ("NRS") 40.457, with Justin C. Jones, Esq. of Holland & Hart, LLP,

18 appearing on behalf of Plaintiff Town & Country Bank (the "Bank") and Defendant Brian

19 Goddard ("Goddard") appearing pro se. After taking testimony and carefully considering the

20 supporting documentation, this Court hereby awards a deficiency judgment in favor of the Bank

21 and against Goddard as further set forth in the following Findings of Fact and Conclusions of

22 Law:

23                                      **I.**

24                          **FINDINGS OF FACT**

25      1.      On September 25, 2006, Goddard executed a certain Promissory Note ("Note") in

26 favor of the Bank whereby Goddard agreed to pay to the Bank the original principal sum of

27 $1,000,000.00 plus interest thereon ("Loan").

28      2.      The Loan bears a maturity date of October 1, 2007.

5227526_1.DOC                    Page 1 of 5

3.     Interest during the term of the Loan accrues at the rate of 9.25 percent on an Actual/360 basis.

4.     Pursuant to the express terms of the Loan, upon default, the Bank was entitled to interest at the rate of 16 percent, as well as its fees and costs of suit incurred.

5.     On September 25, 2006, Goddard executed a Construction Loan Agreement which set forth among other matters, the conditions for the disbursement of funds from the Loan.

6.     To secure repayment of the Note, Goddard executed a certain deed of trust (the "Deed of Trust") in favor of the Bank and encumbering certain real property known as Assessor's Parcel Number 125-31-410-001, 125-31-410-003, 125-31-410-004 and a portion of 125-31-410-011 (the "Property").

7.     On or about September 25, 2007, the Bank and Goddard entered into a Loan Modification Agreement wherein the maturity date of the Note was extended to October 1, 2008, among other things.

8.     Goddard failed to make the full payment due to the Bank under the terms of the Note on or before October 1, 2008.

9.     On or about October 3, 2008, the Bank initiated the non-judicial foreclosure process in connection with the Property as a result of Goddard's default under the terms of the Note by serving Goddard with a Notice of Default and Election to Sell Under Deed of Trust.

10.    On or about January 12, 2009, Goddard was served with a Notice of Trustee's Sale advising Goddard that the Property would be sold on February 3, 2009 and that the outstanding principal balance on the Loan as of the date of default was $781,689.94, with interest continuing to accrue thereafter.

11.    On or about February 3, 2009, the Bank acquired title to the Property at the trustee's sale as a result of its successful credit bid of $382,500.00 via a Trustee's Deed Upon Sale.

12.    R. Scott Dugan, a Nevada Certified General Appraiser with more than 30 years of appraisal experience, provided his expert opinion based upon his visit to the Property, his review of comparable sales, and other information regarding the Las Vegas real estate market that the

5227526_1.DOC

1   fair market value of the Property as of the date of foreclosure sale was $425,000.00, as follows:

2           125-31-410-001                    $115,000.00

3           125-31-410-003                    $135,000.00

4           125-31-410-004                    $135,000.00

5           125-31-410-011 (1/2 interest)     $40,000.00

6           **TOTAL**                         **$425,000.00**

7       13.     Mr. Goddard raised certain issues regarding Mr. Dugan's opinion of value,

8   including the use of net square footage rather than gross square footage and knowledge that a

9   foreclosure was pending. The Court accepts Mr. Dugan's explanation of these purported issues

10  and finds Mr. Dugan's opinion of value to be credible based upon the evidence and testimony

11  presented.

12      14.     Mr. Goddard did not present an expert to testify regarding the fair market value of

13  the Property, nor any other credible, admissible evidence of the fair market value of the Property

14  as of the date of the foreclosure sale.

15                                          **II.**

16                          **CONCLUSIONS OF LAW**

17      1.      Pursuant to Chapter 40 of the Nevada Revised Statutes, this Court has authority to

18  award a deficiency judgment in favor of a creditor resulting from the unpaid balance on a

19  promissory note which was secured by deed of trust property purchased by a creditor at a

20  foreclosure sale. *See, e.g., Unruh v. Streight*, 96 Nev. 684, 615 P.2d 247 (1980).

21      2.      The deficiency judgment may be awarded subject to the limitations set forth in

22  NRS 40.451 to NRS 40.463. In particular, NRS 40.457(1) states "...the court shall hold a

23  hearing and shall take evidence presented by either party concerning the fair market value of the

24  property sold as of the date of foreclosure sale or trustee's sale." NRS 40.455(1) requires that

25  "upon application of the judgment creditor or the beneficiary of the deed of trust...and after the

26  required hearing, the court shall award a deficiency judgment to the judgment creditor or the

27  beneficiary of the deed of trust if it appears from...the recital of consideration in the trustee's

28  deed that there is a deficiency of the proceeds of the sale and a balance remaining due to the

5227526_1.DOC                           Page 3 of 5

judgment creditor or the beneficiary of the deed of trust, respectively."

3. At the hearing, the court determines the amount owed to the creditor in accordance with NRS 40.451 and NRS 40.459. NRS 40.451 defines "Indebtedness" as the "...principal balance of the obligation secured by a mortgage or other lien on real property, together with all interest accrued and unpaid prior to the time of foreclosure sale, all costs and fees of such a sale, all advances made with respect to the property by the beneficiary, and all other amounts secured by the mortgage or other lien on the real property in favor of the person seeking the deficiency judgment."

4. Once the "Indebtedness" is determined, a deficiency award is made by reducing the amount of the "Indebtedness" by whichever is greater of: (a) the fair market value of the property sold at the time of the sale; or (b) the amount for which the property was actually sold.

5. Based on the Findings of Fact set forth above, this Court concludes as a matter of law that the hearing completed on September 6, 2011 complies with NRS 40.457.

6. This Court further concludes the evidence presented at the hearing demonstrates that on February 3, 2009 there was an "Indebtedness" of $806,595.45, including the $$781,689.94 principal balance, plus interest at 9.25 percent from October 2, 2008 to February 3, 2009 in the amount of $24,905.51. The Court declines to impose the default interest rate of 16 percent.

7. This Court further concludes that because the consideration of $382,500.00 paid at the foreclosure sale was less than the $425,000.00 fair market value of the Property, the fair market value will be used to calculate the deficiency judgment award. Reducing the "Indebtedness" by the fair market value results in a deficiency of $381,595.45 as of the date of the foreclosure.

8. Additional interest at the rate of 9.25 percent accrued from the date of foreclosure (February 3, 2009) through the date of the deficiency judgment hearing (September 6, 2011) in the amount of $92,558.10.

9. Accordingly, this Court concludes the Bank is entitled to a deficiency judgment against Goddard in the amount of $474,153.55 as of September 6, 2011. Additional interest

5227526_1.DOC

Page 4 of 5

1   from September 7, 2011 through the date of entry of judgment shall accrue at the per diem rate

2   of $98.05.

3          10.    Post-judgment interest shall accrue at the statutory rate.

4          DATED this 12th day of September , 2011.

5

6                                              ROGER L. HUNT
                                               United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5227526_1.DOC