UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TOWN & COUNTRY BANK, | Case No.: 2:09-cv-00686-RLH-LRL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Attorney's Fees–#219) |
| BRIAN GODDARD and DANIEL K. LAK, | |
| Defendants. | |
| BRIAN GODDARD, | |
| Counterclaimant, | |
| vs. | |
| TOWN & COUNTRY BANK, DOE INDIVIDUALS, I-X, inclusive, and ROE COMPANIES, I-X, inclusive, | |
| Counterdefendants. | |

Before the Court is Plaintiff Town & Country Bank (the "Bank") **Motion for Attorney's Fees** (#219, filed Sept. 28, 2011). Defendant Brian Goddard did not file a response.

Nevada law authorizes courts to award attorneys' fees where they are called for by statute, rule, or contract. NRS § 18.010. The various agreements entered into between Goddard and the Bank all provide for awards of attorneys' fees. *See* Dkt. #219, Ex. 1-B, Construction Loan

Agreement p. 10; Ex. 1-C, Deed of Trust p. 7; Ex. 1-D, Promissory Note.)  As the Bank was successful in its suit against Goddard, it is entitled to recover its reasonable attorneys' fees under these agreements.  After review of the Bank's billing affidavits for reasonableness under the lodestar method and the lack of an opposition from Goddard, *see* Local Rule 7-2, the Court awards the fees as requested in the amount of $73,404.04.

The Bank also requests its costs in pursuing this lawsuit under Federal Rule of Civil Procedure 54.  This is allowed, however, the Bank seeks costs beyond what is allowed by this Court's Local Rules.  *See* Local Rules 54-1 – 54-15.  Accordingly, the Court subtracts the following costs from the Bank's request: the copy fees (only Court required copy fees are taxable and the Bank has not indicated that these copies were Court required); the Postage fees (the Bank did not indicate that they were for mailing depositions); the expert/consultant fees; computerized research fees; investigation service fees; and courier fees.  Further, the Court only taxes costs for deposition transcripts, not videos, *see* LR 54-4, and so will only tax for depositions in the amount of $546.20.  Thus, the Court taxes costs in the amount of $691.22 rather than the requested $4,382.13.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's Motion for Attorney's Fees and Costs (#219) is GRANTED as follows:

- Fees are awarded in the amount of $73,404.04.
- Costs are taxed in the amount of $691.22.

Dated: February 6, 2012.

_____
ROGER L. HUNT
**United States District Judge**